UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL CORWIN ASHMAN,

      Petitioner,

Case No. 11-cv-11242

HONORABLE NANCY G. EDMUNDS

v.

DAVID BERG,

      Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING AS MOOT PETITIONER'S MOTION TO AMEND**

Petitioner Russell Ashman is Michigan state prisoner currently confined in the Kinross Correctional Facility in Kincheloe, Michigan.[1] He has filed a petition for writ of habeas corpus challenging his conviction of three counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, and one count of assault with intent to commit sexual penetration. Respondent David Berg has moved for summary judgment,

---

[1] Petitioner was incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, when he originally filed his habeas petition; however, he has since been transferred. Petitioner was first transferred to the Newberry Correctional Facility, in Newberry, Michigan. Publicly available records show he has since transferred to the Kinross facility. *See* Michigan Dept. Corr. Offender Tracking Sys. (OTIS): http:// www. michigan. gov/ corrections/1,1607,7-119-1381 _1388-5164--,00.html. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so. The Court will also deny as moot Petitioner's motion to amend the pleadings to change the respondent to the warden of the Newberry Correctional Facility, because the Petitioner is no longer housed there.

arguing that the petition should be dismissed because it is barred by the statute of limitations. Petitioner concedes that the petition is untimely but argues that the Court should equitably toll the statute of limitations. The Court finds that the petition is time-barred and that equitable tolling is not appropriate under the facts of this case and therefore grants Respondent's motion for summary judgment.

I.

Petitioner was convicted on March 14, 2005, by a Macomb County jury of three counts of first-degree criminal sexual conduct (CSC-1st), one count of second-degree criminal sexual conduct (CSC-2d), and one count of assault with intent to commit sexual penetration. He was sentenced on April 13, 2005 to concurrent prison terms of 15 to 40 years for each CSC-1st conviction, 4 to 15 years for the CSC-2d conviction, and 1 year, 11 months to 10 years for the assault with intent to commit sexual penetration conviction.

Petitioner filed a direct appeal with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions on November 21, 2006 in an unpublished opinion. *People v. Ashman*, No. 262373, 2006 WL 3375052 (Mich. App. Nov. 21, 2006). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied on May 30, 2007. *People v. Ashman*, 478 Mich. 872 (2007). Petitioner did not apply to the United States Supreme Court for a writ of certiorari.

On March 21, 2008, Petitioner returned to the trial court and filed a motion for relief from judgment. The trial court denied Petitioner's motion for relief from judgment on April 22, 2008. Nearly one year later, on April 22, 2009, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, seeking leave to appeal the trial court's

denial of his motion for relief from judgment. The Michigan Court of Appeals denied leave to appeal on August 10, 2009. On October 5, 2009, Petitioner filed with the Michigan Supreme Court an application for leave to appeal the Michigan Court of Appeals' denial. The Michigan Supreme Court denied Petitioner's application on March 29, 2010. *People v. Ashman*, 485 Mich. 1125 (2010).

Petitioner instituted this action on March 22, 2011.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for habeas petitions filed by state prisoners seeking habeas relief from state court judgments. 28 U.S.C. § 2244(d)(1). The limitations period runs from one of four specified dates, usually from the date on which the judgment became final by the conclusion of direct review or when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during any time in which "a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 112, 119 (2009). Petitioner did not seek a writ of certiorari in the United States Supreme Court after the Michigan Supreme Court denied leave to appeal in his direct appeal on May 30,

2007. His convictions therefore became final on Tuesday, August 28, 2007, when the availability of a direct appeal to the United States Supreme Court expired due to the expiration of the ninety-day deadline for seeking a writ of certiorari. See Sup. Ct. R. 13.1. The one-year statute of limitations began to run on the following day, Wednesday, August 29, 2007. See Fed. R. Civ. P. 6(a)(1)(A).

The limitations period continued to run for 205 days. On March 21, 2008, Petitioner filed a motion for relief from judgment with the trial court. The statute of limitations stopped running on that date, and was tolled for the entire time that the motion and subsequent appeals were pending in state court. *See* 28 U.S.C. § 2244(D)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (application for state post-conviction relief remains "pending" until application has achieved final resolution through the state's post-conviction procedures).

On Monday, March 29, 2010, the Michigan Supreme Court denied leave to appeal the lower courts' denial of post-conviction relief. The limitations period began running again the following day, March 30, 2010, and ran another 357 days, finally stopping on March 22, 2011, the date Petitioner signed and dated his petition. *See Houston v. Lack*, 487 U.S. 266 (1988). The limitations period thus ran a total of 562 days. The petition was filed 197 days past the one-year deadline and is therefore untimely unless equitable tolling applies.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to

4

equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id.* "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner argues that the Court should equitably toll the limitations period because he misunderstood the limitations period. He argues that he believed that his motion to remand and set aside the judgment was part of his direct appeal, and that his one-year time limit began to run only after the Michigan Supreme Court denied leave to appeal the denial of his motion for post-conviction relief. However, "'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see Warren v. Lewis*, 365 F.3d 529, 532, n.2 (6th Cir. 2004). The law in this area has been settled for the past decade. See *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (application for state post-conviction relief does not serve to delay the date on which a judgment becomes final, but only serves to toll the running of the statute of limitations); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir.

5

2003) (applying *Payton* to Michigan post-conviction scheme). Petitioner's misunderstanding of the law of this circuit does not constitute extraordinary circumstance that would justify equitable tolling.

Petitioner also argues that equitable tolling is appropriate because of limitations in the prison law library and in prisoners' access to legal materials. These are burdens that are generally applicable to all Michigan prisoners. *See, e.g., Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (limited law library access, inability to obtain trial transcript and *pro se* status did not constitute extraordinary circumstances that justified five month delay in filing federal petition). Limitations in the prison law libraries in Michigan is not an extraordinary circumstance that prevented this particular prisoner from complying with the statute of limitations.

Petitioner argues that equitable tolling should apply because the Respondent did not file the state court record in compliance with Rule 5 of the Rules Governing Habeas Cases on the date ordered by the Court. The conduct of the Respondent in responding to the petition, however, is not relevant to the question of whether equitable tolling should apply. The test for equitable tolling focuses on the petitioner's conduct, whether the petitioner was diligent, and whether extraordinary circumstances prevented the petitioner from filing in a timely manner. The response to the petition occurred after the petition was filed, and is therefore not relevant to the Petitioner's conduct in filing the petition.

Nor has Petitioner demonstrated due diligence. Petitioner has constructive knowledge of the limitations period, and that it begins to run at the conclusion of direct review, not at the conclusion of post-conviction review. *Allen v. Bell*, 250 Fed. Appx. 713, 715 (6th Cir.

6

2007).  Despite this, he waited over half a year to begin state post-conviction proceedings, filed his delayed application to appeal the state court's denial of post-conviction relief almost a year after the trial court ruled, and then waited almost a full year after the conclusion of the state appellate process to file his federal habeas petition.  These facts do not support a finding that Petitioner diligently pursued his rights.  *See Allen*, 250 Fed. Appx. at 716.

Finally, Petitioner argues that he is actually innocent of the crimes of which he was convicted.  Actual innocence can be the basis for equitable tolling when a petitioner "can present new evidence with undermines this court's confidence in the outcome of the trial." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005).  The Sixth Circuit has held that, to form the basis for equitable tolling, a claim of actual innocence must be supported by "sufficient new facts such that it is more likely than not that no reasonable juror would have found the defendant guilty." *Id.* at 597, n. 11.  "'Without any new evidence of innocence, even a concededly meritorious constitutional violation is not in itself sufficient' to reach the merits of a time-barred claim."  *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008).

The actual innocence exception does not afford a basis for equitable tolling here because Petitioner presents no new evidence in support of his claim of actual innocence that was not available at the time of his trial and direct appeals.  In his reply to Respondent's motion for summary judgment, Petitioner admits that his claim of innocence "is procedural, rather than substantive" and is based "not on his innocence, but rather an abuse of judicial discretion that interfered with the effectiveness of petitioner's counsel." Response at 3.  In support of this claim, Petitioner cites testimony of the lead detective at his trial, elicited by the trial court, which petitioner argues suggested that the victim (petitioner's daughter) tried

7

to "back off" her accusations against her father. The Petitioner asserts that because this evidence was not presented to the jury until after the victim had completed testifying, it constitutes "new evidence" sufficient to justify equitable tolling.

Petitioner's argument lacks merit. While the definition of "new evidence"" in the context of the actual innocence exception is still unsettled in this circuit, *see Carroll v. Burt*, 2011 WL 6157341, *1 (6th Cir. Dec. 12. 2011) and *Connolly*, 304 Fed Appx. at 419 (Sutton, J., concurring) (discussing circuit split on definition of new evidence), at the very least new evidence does not include evidence that was actually available and presented at Petitioner's trial. *Compare Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (evidence new if it was not available at trial and could not have been discovered earlier through the use of due diligence) *with Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (new evidence need only be reliable and not presented at trial). The evidence that Petitioner relies upon for his claim of actual innocence was both available and presented at trial, albeit perhaps not in the manner Petitioner asserts was appropriate. The evidence is not new, and therefore cannot provide a basis for equitable tolling based on actual innocence.

The petition is time-barred by the statute of limitations, and there is no basis to equitably toll the limitations period. The Respondent's motion for summary judgment will therefore be granted.

### III.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing

8

the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court denies a certificate of appealability.

Petitioner's motion to amend the pleadings to reflect the fact that he has been moved to a new prison will be denied as moot, since Petitioner is no longer at that facility.

IV.

The Petition for Writ of Habeas Corpus [Dkt. 1] is DENIED WITH PREJUDICE.

A Certificate of Appealability is DENIED.

Petitioner's Motion for Leave to Amend [Dkt. 5] is DENIED AS MOOT.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 2, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager